# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Richard E. Voigt III,

    Plaintiff

v.

Tennessee Child Support Enforcement,

    Defendant

Case No.: 2:19-cv-01866-JAD-NJK

**Order Denying Plaintiff's Motion for Default Judgment and Directing Further Action**

[ECF No. 5]

Plaintiff Richard Voigt III initiated this action by moving to enforce an alleged arbitration award. He claims that an arbitrator awarded him a $500,000 judgment against an entity called "Tennessee Child Support Enforcement" for breach of contract. Two months later, Voigt moved for a default judgment, alleging that he had properly served the Tennessee state agency and it had not responded. Because Voigt's service was improper, I deny his motion for a default judgment and defer deciding his motion to enforce the arbitration award until Voigt properly serves the defendant and provides a copy of the signed arbitration agreement between himself and the defendant.

## Discussion

Federal Rule of Civil Procedure 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. But Rule 55 is a "two-step process," and a default judgment under Rule 55(b) may only be entered after an entry of default under Rule 55(a).[1] Because there has been no entry of default, the court cannot grant Voigt a default judgment.

---

[1] *Eitel v. McCool*, 782 F.3d 1470, 1471 (9th Cir. 1986).

Even if I were to liberally construe Voigt's motion for a default *judgment* as a request for entry of a default, I would have to deny that request because there is no evidence in the record that Voigt has properly served the defendant with legal process. In his motion for default judgment, Voigt asserts that he served the defendant "according to the law in the state of Nevada with a Motion for Judgment."[2] But Voigt misunderstands the rules for service. Federal Rule of Civil Procedure 4(j)(2) requires that a plaintiff serve a state or local government agency with a copy of the complaint and summons.[3] This service is complete either by delivering a copy of the summons and complaint to the agency's "chief executive officer,"[4] or by serving the required documents "in the manner prescribed by that state's law."[5] The federal rule, therefore, requires service in compliance with the laws of Tennessee, not Nevada. And the Tennessee rules of service required Voigt to deliver "a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general."[6]

The service that Voigt describes in his motion for default judgment is faulty for two reasons. First, he did not mail the correct documents. He says that he mailed a copy of his motion to confirm the arbitration award and a copy of the arbitration award to the agency via USPS Certified Mail.[7] But the Federal Rules and the Tennessee Rules both require a defendant to be served *with a summons*, and the "All-Purpose Proof of Service" Voigt filed doesn't

---

[2] ECF No. 5 at 37 (citing Nev. R. Civ. P. 55).
[3] Fed. R. Civ. P. 4(j)(2).
[4] Fed. R. Civ. P. 4(j)(2)(A).
[5] Fed. R. Civ. P. 4(j)(2)(B).
[6] Ten. R. Civ. P. 4.04(6).
[7] ECF No. 5 at 1.

mention a summons being sent.[8]  Second, Voigt hasn't served the correct person.  He mailed his original motion to a Tennessee address, and it appears to have been delivered, but his "Proof of Service" does not indicate that the mail was addressed to the chief executive officer of the agency[9] or that he sent the documents to the Tennessee Attorney General or any Assistant Attorney General as the state's law requires.[10]  Voigt therefore failed to complete service on the Tennessee Child Support Enforcement Services as required by the Federal Rules of Civil Procedure, so I deny his motion for default judgment.

Voigt will have until September 21, 2020, to obtain a summons from the Clerk of Court and complete proper service on the defendant of process, which would consist of his original motion (ECF No. 1) and a properly issued summons.  Failure to do so will result in this action being dismissed.  I defer deciding the motion to confirm arbitration until Voigt properly serves the defendant and the defendant has a proper opportunity to respond.[11]

**Conclusion**

IT IS THEREFORE ORDERED that Voigt's motion for default judgment **[ECF No. 5] is DENIED.**  IT IS FURTHER ORDERED that **Voigt has until September 21, 2020**, to:

- Obtain the summons from the Clerk of Court[12];

---

[8] Also, the record of this case does not reflect that a summons has been issued.

[9] Fed. R. Civ. P. 4(j)(2)(A).

[10] Ten. R. Civ. P. 4.04(6).

[11] Nothing in this order should be construed as a statement of the merits of the motion.  However, on initial review, it appears that Voigt will need to provide the court with a true and correct copy of the signed arbitration agreement between himself and Tennessee Child Support Enforcement in order for the court to perform a proper evaluation of that motion.

[12] Form summonses are available on the court's website: https://www.nvd.uscourts.gov/court-information/forms/.

3

- Properly serve the defendant with the summons and a copy of the Motion to Confirm Arbitration Award (ECF No. 1);
- File proof showing when and how he completed that service of process; and
- File a true and correct copy of the signed arbitration agreement between himself and Tennessee Child Support Enforcement (as a supplement to his pending motion).[13]

Dated: August 24, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[13] Although Voigt states in his motion that "These parties signed and agreed to this arbitration as evidenced by an arbitration agreement attached to this affidavit as Exhibit B," ECF No. 1 at 2, Exhibit B does not contain a signed agreement to arbitrate.  See ECF No. 1-2 at 27–54.